IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER PEMPEK,

                                                OPINION AND ORDER

                Plaintiff,

                                                21-cv-495-bbc

     v.

BOARD OF REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Jennifer Pempek contends that her former employer, defendant Board of Regents of the University of Wisconsin System, demoted and transferred her, and failed to renew her contract, because of her disability, in violation of the Rehabilitation Act. She also contends that defendant retaliated against her because she complained about disability discrimination, in violation of Title VII of the Civil Rights Act. Defendant has filed a motion to dismiss plaintiff's Title VII retaliation claim, arguing that plaintiff has failed to allege facts suggesting that defendant retaliated against her because she engaged in activity protected by Title VII. Dkt. #16.

I will grant the motion. Title VII protects employees who complain about discrimination based on a person's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 2000e-2. To state a claim for retaliation under Title VII, a plaintiff must allege that she engaged in an activity protected by Title VII and that her employer took an adverse action against her as a result. Alamo v. Bliss, 864 F.3d 541, 555 (7th Cir. 2017).

1

In this instance, plaintiff has failed to alleged that she engaged in activity protected by Title VII. Instead, she alleges that she complained about disability discrimination, which is not protected by Title VII.

Plaintiff cites several cases discussing pleading standards under Title VII and the Federal Rules of Civil Procedure, but those cases do not help plaintiff. Those cases involve plaintiffs who were complaining about sex, race or national origin discrimination, not disability discrimination. E.g., Alamo, 864 F.3d 541; Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010); Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008); E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773 (7th Cir. 2007). Plaintiff has cited to no case in which a plaintiff was permitted to proceed on a Title VII retaliation claim based on complaints of disability discrimination. (There are cases in which a plaintiff was permitted to proceed on a disability-based retaliation claim under the Rehabilitation Act. E.g., Reed v. Columbia St. Mary's Hosp., 782 F.3d 331, 337 (7th Cir. 2015). But plaintiff has not pleaded any retaliation claim under that Act and he has not sought permission to file an amended complaint to add a retaliation claim under that Act.)

For these reasons, defendant's motion to dismiss will be granted.

ORDER

IT IS ORDERED that defendant Board of Regents of the University of Wisconsin System's motion for partial dismissal, Dkt. #16, is GRANTED, and plaintiff Jennifer Pempek's Title VII retaliation claim is DISMISSED for failure to state a claim upon which

relief may be granted.

    Entered this 24th day of January 2022.

                                BY THE COURT:

                                /s/

                                _____
                                BARBARA B. CRABB
                                District Judge